MDL 1730

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2005

FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1730**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION**

*Louisiana Wholesale Drug Co., Inc., et al. v. Becton Dickinson & Co.*, D. New Jersey, C.A. No. 2:05-1602
*Dik Drug Co. v. Becton Dickinson & Co.*, D. New Jersey, C.A. No. 2:05-4465
*SAJ Distributors, Inc. v. Becton Dickinson & Co.*, E.D. Pennsylvania, C.A. No. 2:05-4763
*Jabo's Pharmacy, Inc. v. Becton Dickinson & Co.*, E.D. Tennessee, C.A. No. 2:05-162

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

*TRANSFER ORDER*

This litigation currently consists of four actions pending in three districts as follows: two actions in the District of New Jersey and one action each in the Eastern District of Pennsylvania and the Eastern District of Tennessee.[1] Becton Dickinson & Co. (Becton), the sole defendant in the MDL-1730 actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for centralization of this docket in the Southern District of New York. All responding plaintiffs support centralization but differ with Becton regarding the selection of the transferee forum. Plaintiffs in the two District of New Jersey actions favor selection of their New Jersey district, and plaintiffs in the Eastern District of Pennsylvania constituent action and potential tag-along actions favor selection of their Pennsylvania district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought as class actions by persons allegedly injured by Becton's acquisition and maintenance of a monopoly in the market for certain types of hypodermic products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The Panel has been notified of two additional related actions pending in the Eastern District of Pennsylvania. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**   IMAGED DEC 19 2005

- 2 -

We conclude that the District of New Jersey is an appropriate forum in this docket for the following reasons: i) the district, wherein sole common defendant Becton is headquartered, is an accessible location that will be geographically convenient for many of this docket's litigants, witnesses and counsel; and ii) the district is well equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions listed above that are pending outside the District of New Jersey are transferred to that district and, with the consent of that court, assigned to the Honorable Jose L. Linares for coordinated or consolidated pretrial proceedings with the two District of New Jersey actions listed above.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman